USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/3/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- x

SEACUBE CONTAINERS LLC,

        v.

PT LINTAS KUMALA ABADI,

        Defendant.
--------------------------------------------------------------- x

**ORDER**

19 Civ. 10201 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

    On November 3, 2019, Plaintiff SeaCube Containers LLC ("SeaCube") filed this action, alleging breach of contract against Defendant PT Lintas Kumala Abadi ("PT Lintas"), to wit: a contract whereby PT Lintas agreed to lease ocean containers from Seacube for use on or with ocean-going vessels that PT Lintas owns or operates. *See generally* ECF No. 1. PT Lintas has not appeared in this case, and a certificate of default has been issued against it. *See* ECF No. 11. SeaCube now moves for a default judgment under Federal Rule of Civil Procedure 55. *See* ECF No. 13. For the reasons that briefly follow, the Court requires additional information before it can enter a default judgment that calculates damages against PT Lintas.

    When "a defendant has failed to plead or otherwise defend a lawsuit, that defendant is in default and is deemed, for the purposes of liability, to have admitted all well-pleaded allegations in the complaint." *See American Steamship Owners Mutual Protection & Indemnity Association, Inc. v. Triumph Maritime Ltd.*, 18-cv-8615, 2019 WL 6318428, at *2 (S.D.N.Y. Nov. 26, 2019) ("*ASOMP*") (quotation marks omitted). However, "[i]n contrast to the facts supporting liability, . . . the amount of damages alleged in the complaint are not deemed true in the event of a default." *Id.* (quotation marks omitted). Instead, "the court must conduct

an inquiry in order to ascertain the amount of damages with reasonable certainty" by, *inter alia*, "assessing plaintiff's evidence supporting the damages." *Id.* (quotation marks omitted).

In order to facilitate the Court's undertaking of such an assessment, SeaCube is hereby ordered to, within two weeks of the issuance of this order, make a submission to the Court that contains, at least, the following:

1. A copy of the lease referenced in the Complaint, *see* ECF No. 1, at ¶ 5, along with any subsequent amendments and renewals thereof.

2. Attorney time records that account for the $14,706 in requested attorneys' fees. *See, e.g., ASOMP*, 2019 WL 6318428, at *4 ("The party seeking attorneys' fees generally must submit 'contemporaneous time records indicating, for each attorney, the date, the hours expended, and the nature of the work done.'") (quoting *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010)); *see also New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983).

3. An explanation as to the discrepancy between the Complaint and the motion for default judgment. Namely, the Complaint seeks $785,000 in replacement value for the shipping containers, *see* ECF No. 1, at ¶ 7, and $520,278 in outstanding lease amounts owed, *see id.* at ¶ 8, whereas the motion for default judgment and accompanying affidavit from SeaCube's general counsel seek $843,408 in replacement value for the shipping containers, *see* ECF No. 13-1, at ¶ 8, and $511,351.88 in outstanding lease amounts owed, *see id.* at ¶ 7. *See* Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

SO ORDERED.

Dated: February 3, 2020
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

2